UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
COURT FILE NO.: 08-1607 (SEC)

| | |
|---|---|
| Jose Carlos Velez-Colon, **PRO SE** <br><br> Plaintiff, <br> v. <br><br> Caribbean Produce Exchange, Inc. <br><br> Defendant. | **VIOLATIONS UNDER FAIR CREDIT REPORTING ACT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C.A. § 1681n and 15 U.S.C.A. § 1681q.

2. This action arises out of Defendant's violation of the **Fair Credit Reporting Act**, 15 U.S.C.A. §§ 1681, 1681a–1681t ("FCRA") in their illegal and willful efforts to collect and use Plaintiff consumer report for commercial advantage.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Jose Carlos Velez-Colon (hereinafter "Plaintiff/JCVC") is a natural person who resides in the City of San Juan, Rio Piedras ward, Commonwealth of Puerto Rico, and is a "consumer" as that term is defined by 15 U.S.C.A. § 1681a.

5. Defendant Caribbean Produce Exchange, Inc. (hereinafter "Defendant" or "Caribbean") is registered in the Department of State of the Commonwealth of Puerto Rico to do business in

-1-

Puerto Rico as a domestic For-Profit Corporation. The corporation was registered in 1968 and was assigned the following number for purposes of identification: 18853. Defendant address is: PO BOX 11990 Caparra HGHTS STA San Juan, PR 00922. 4th Street Bldg D Mercado Central, Zona Portuaria, San Juan, PR 00922

## FACTUAL ALLEGATIONS

6. On or around May 25, 2007, Plaintiff and his father visited Defendant headquarters located in San Juan, Puerto Rico.

7. On or around May 25, 2007, Plaintiff filled credit application on behalf Hidrocultivos JC, Corp. as a prerequisite to initiate business with the Defendant.

8. Plaintiff, acting on behalf of Hidrocultivos JC, Corp. provided in the said credit application the **Employer Identification Number (EIN),** also known as Federal Tax Identification Number, of Hidrocultivos JC, Corp.

9. Plaintiff did not provide his personal Social Security Number to Defendant in the said credit application.

10. Plaintiff's father did not provide his personal Social Security Number to Defendant in the said credit application.

11. After processing the said credit application, Hidrocultivos JC, Corp. did business with the Defendant on or around May 25, 2007.

12. Hidrocultivos JC, Corp. and the Defendant had a healthy business to business relationship.

13. After initiating business with Hidrocultivos JC, Corp., Defendant, through one of its employees, requested Plaintiff his personal Social Security Number in a telephone conversation, and it was provided by Plaintiff.

14. In the said telephone conversation, Defendant claimed that Plaintiffs personal Social Security number was required for their record, and no other purpose.

15. TransUnion, a national credit bureau, furnished a document entitled "credit report" or similar to Defendant concerning Mr. Velez-Colon on or about May 25, 2007, and that said report was furnished through means of interstate commerce.

16. On or around May 25, 2007 Defendant obtained Plaintiff's "consumer report" from TransUnion, as defined in 15 U.S.C.A. § 1681a.

17. TransUnion is, and was during the times relevant to this action, a "consumer reporting agency" as that term is defined at 15 U.S.C.A. § 1681a.

18. Plaintiff is the person specifically identified in the hereinbefore consumer report prepared by the consumer reporting agency.

19. Plaintiff was, during the times relevant to this action and with respect to the subject matter of this action, "consumer" as that term is defined at 15 U.S.C.A. § 1681a.

20. The hereinbefore consumer report retrieved from TransUnion bears on Plaintiff's credit worthiness, credit standing and credit capacity.

21. The hereinbefore consumer report bears on Plaintiff's character, general reputation, personal characteristics, or mode of living.

22. On or around May 25, 2007, Defendant examined and used Plaintiff's consumer report.

23. Defendant is currently in possession of Plaintiff's consumer report relevant to this action and with respect to the subject matter of this action or Defendant has not notified Plaintiff on the contrary.

24. Plaintiff never requested an extension of credit to Defendant.

25. Plaintiff and Defendant have never engaged in commercial transactions.

26. Plaintiff did not authorize in writing the furnishing of a consumer report by TransUnion for the use of Defendant, as defined in 15 U.S.C.A. § 1681b.

27. Defendant's usual business practice is to request credit reports from their clients through written notification.

28. Defendant is, and was during the times relevant to this action, familiar with the requirements of the Fair Credit Reporting Act.

29. Defendant knew the requirements of the Fair Credit Reporting Act, and knew that the request for a report was not in compliance with the Act.

30. The said consumer report was obtained by the Defendant through false pretenses.

31. Defendant, as commercial user of the report, obtained the report from the said credit reporting agency without telling the agency of the true purpose of the report, or indicated the purpose to be something other than the true purpose, actionable under 15 U.S.C.A. § 1681q, with civil sanctions available under 15 U.S.C.A. §§ 1681n or 1681o.

32. Defendant did not had a permissible purpose for requesting the report from TransUnion, as defined in 15 U.S.C.A. § 1681b.

33. Plaintiff suffered humiliation, embarrassment, anguish, and mental distress as consequence of Defendant's actions.

34. Plaintiff suffered out-of-pocket expenses and damages as consequence of Defendant's actions.

35. This action is brought not later than the earlier of two (2) years after the date of discovery by the plaintiff of the request of the consumer report ("Credit Inquiry") by the Defendant or within five (5) years after the date on which the defendant requested the Plaintiff's consumer report.

36. Defendant and its employees actions to Plaintiff were willfully aimed at gaining business advantage in their existing commercial relation with Hidrocultivos JC, Corp. by acquiring information on the credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of a shareholder and representative of the said corporation.

37. Defendant's request and use of Plaintiff consumer report was made in violation of numerous and multiple provisions of the FCRA, including but not limited to, 15 U.S.C.A. § 1681b, 1681n, 1681o.

38. Plaintiff received a telephone call from an individual who identified himself as Luis Rodriguez.

39. The unknown individual who identified himself as Luis Rodriguez (hereinafter "Luis Rodriguez") is or was an executive, manager, or administrative employee of the Defendant.

40. Defendant instructed Luis Rodriguez to establish communication with Plaintiff.

41. Luis Rodriguez called Plaintiff to discuss the events in connection with this action.

42. Luis Rodriguez expressed to Plaintiff that he was calling on behalf of the Defendant.

43. Luis Rodriguez called Plaintiff on various instances, specifically to Plaintiff's personal telephone, which is number is 787-457-4434.

44. Luis Rodriguez claimed to have an emotional attachment for Defendant for many years of service.

45. Luis Rodriguez threatened Plaintiff via telephone by aggressively requesting Plaintiff to forget about the events in connection with this action, or Plaintiff would regret not doing so.

46. Luis Rodriguez, on behalf of Defendant, claimed via telephone that Plaintiff was an ambulance chaser, and that he and Defendant had influences and power to question Plaintiff reputation as a law student and future attorney.

47. Plaintiff expressed his unwillingness to continue the conversation, and Luis Rodriguez insisted and initiated a telephone conversation with Plaintiff more than once.

48. Defendant's corporate behavior is undesirable and reprehensible, and seriously deteriorates interstate commerce.

## **TRIAL BY JURY**

49. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS UNDER FAIR CREDIT REPORTING ACT**

### **15 U.S.C.A. § 1681 et seq.**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FCRA including, but not limited to, of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 et seq., with respect to Plaintiff.

52. As a result of Defendant's violations of the FCRA, Plaintiff is entitled any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(a); punitive damages

as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages of 50,000 pursuant to 15 U.S.C. § 1681n(a) or 15 U.S.C.A. § 1681o against Defendant and for Plaintiff.

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(a) against Defendant and for Plaintiff;

- For an award of punitive damages of $50,000 as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Dated: May 30, 2008

Respectfully submitted,

Jose Carlos Velez Colón
**PRO SE LITIGANT**

PO BOX 142574 Arecibo PR 0014
1 Ave Univ. APTO 1206 Rio Piedras 00925
Telephone: (787) 457-4434
E-mail: jcvelezcolon@yahoo.com