IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE CARLOS VELEZ-COLON

    Plaintiff

           v.

CARIBBEAN PRODUCE EXCHANGE, INC.

    Defendants

Civil No. 08-1607 (SEC)

**OPINION and ORDER**

On July 9, 2009, Plaintiff filed a "Notice of Voluntary Dismissal Without Prejudice Pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). Docket # 50. According to Plaintiff, his request for dismissal stems from his inability to "tolerate or handle" opposing counsel's "disrespectful and brutal behavior" against him. Id. at 1. According to Plaintiff, insofar as Defendant has not filed an answer to the complaint, or a motion for summary judgment, he is entitled to dismissal without prejudice as a matter of right. Plaintiff further notes that prior to filing the instant notice, he sent an email to opposing counsel and "proposed a 'fresh start' and subsequently proposed to file a joint motion with the Court informing that [they] were able to resolve [their] differences amicably," but Defendant's counsel denied his request. Id. at 1. On even date, Defendant filed a motion in opposition to Plaintiff's request for dismissal without prejudice, averring that Plaintiff's notice is based on false statements, and is misleading to this Court. Docket # 49. In support of said assertion, Defendant included the communications *via* email that took place on July 8, 2009, between themselves and Plaintiff.

Upon reviewing the attached document, this Court notes that on July 7, 2009, at 11:21 p.m., Plaintiff sent an email to Defendant proposing that they file a joint motion requesting that the case be dismissed without prejudice. Despite the foregoing, Plaintiff also expressed his

interest in continuing his claims against CPE. After opposing counsels' rejection of said offer, Plaintiff responded, and informed opposing counsel that he would request that the motion for entry of default be set aside, and that new summons be issued as to Guadalberto and Luis Rodriguez-Rodriguez. He continued noting that he "cannot dismiss with prejudice this action because several national authorities on the FCRA say that it is not clear if there is a permissible purpose to obtain a consumer report for business credit..." Docket # 49-2. Finally, Plaintiff "encouraged" Defendant to file an answer to the complaint, noting that if Defendants failed to do so, he "might request dismissal without prejudice and [opposing counsel's] client will be unable to recover...attorney fees." Plaintiff also stated that if Defendant did not file an answer by July 10, 2009, he would "dismiss without prejudice at 1:00 p.m. and [he would] file a new complaint [on July 11, 2009] and arrange the immediate service to CPE." Id. Subsequently, Plaintiff noted "[t]his is not an abuse of the judicial process; it['s] an absolute legitimate right that I have." Id.

This Court first notes that Defendant's motion to dismiss at Docket # 7, was properly converted to a motion for summary judgment. See Docket # 21. Thus Plaintiff is not entitled to request dismissal without prejudice under Rule 41 (a)(1)(A)(i), and instead must seek this Court's leave for dismissal. As such, the instant "notice of voluntary dismissal" will be ruled upon as a motion for dismissal pursuant to Rule 41 (a)(2). Secondly, the impropriety of Plaintiff's actions are blatant. Despite the absence of First Circuit case law on the issue, this court has held that "the semblance of judge-shopping...[] is a concern when a litigant discontinues a fray, only to start over again on another day." Vaqueria Tres Monjitas v. Rivera-Cubano, 341 F.Supp. 2d 69, 71 (D.P.R. 2004) (citing Nat'l Treasury Em. Union v. IRS, 765 F.2d 1174, 1175 n. 5 (D.C. Cir. 1985). A court faced with such conduct "has the authority to act to preserve the integrity and control of its docket." Id. (citations omitted). Thus the abuse of Rule 41, in order to harass the opposing party, or circumvent the court's orders, is highly unethical, and sanctionable by this Court.

Plaintiff is a third year law student at the University of Puerto Rico. Despite his expressions regarding his inexperience, he has filed a great number of pleadings, including a

30-page memorandum of law in the instant action. Moreover, he has filed additional suits in this district. Specifically, Plaintiff recently filed a case with this Court, which was assigned to the undersigned (Civil No. 09-1179 SEC). On July 6, 2009, Plaintiff filed a notice of voluntary dismissal without prejudice in said case, and re-filed a suit against said Defendant on the same day, even before this Court's judgment of dismissal was entered in Civil No. 09-1179 (SEC). Therefore, he is no stranger to manipulating this Court's procedural rules. Although he may deem himself inexperienced, the First Circuit has held that law school students as *pro se* litigants should be held to a higher standard than *pro se* novices. Specifically, the Appeals Court dismissed as frivolous and malicious, a suit filed by a third year law student, after stating:

> this is not a case involving an uneducated, naive plaintiff who may have inartistically stated a valid cause of action. . . . He comes before this Court wearing the cloak of a *pro se* applicant, and seeks to extract from us the solicitude ordinarily afforded one appearing without counsel. But this should not shield him from rebuke when merited. He is an intelligent, able and sophisticated litigant, who is no stranger to this Court. . . . Moreover, we are not to be manipulated by resourceful but meritless moves . . .[which] serve only to distract us from important judicial business.

Castro v. United States, 584 F. Supp. 252 , 264 (1st Cir. 1984) (citing Raitport v. Chemical Bank, 74 F.R.D. 128, 133 (S.D.N.Y. 1977) (citations omitted).

Conduct unbecoming a lawyer is harshly viewed upon by courts. A law school student's status as a *pro se* litigant does not shield herein Plaintiff from sanctions by this Court, especially in light of his flagrant disregard for this Court's integrity. Thus Plaintiff is sternly reprimanded for his conduct, and is warned that similar conduct in the future will be severely sanctioned.

**Conclusion**

Based on the foregoing, Plaintiff's notice of voluntary dismissal is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of December, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge